UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Lunan Pharmaceutical Group Co. Ltd., <br><br>　　　　　Plaintiff, <br><br>　v. <br><br>Long Zhao, <br><br>　　　　　Defendant. | Civil Action No.: <br><br> JURY TRIAL DEMANDED |

### I.　　COMPLAINT

Plaintiff Lunan Pharmaceutical Group Co. Ltd. (hereinafter "Lunan Pharmaceutical" or "Lunan"), by and through its undersigned attorneys, for its Complaint against Defendant Long Zhao allege and state as follows:

### II.　　PARTIES

1. Plaintiff Lunan Pharmaceutical is a Chinese pharmaceutical company that maintains its principal place of business at No. 209, Hongqi Road, Linyi City, Shandong Province, China. Plaintiff carries out medical research and is involved in the production and sale of pharmaceutical products in China.

2. Defendant Long Zhao (hereinafter "Ms. Zhao") is an individual who resides in Massachusetts at 61 Maple St., Apt. D, Canton, Massachusetts 02021, USA.

### III.　　JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §1331, as two of Plaintiff's claims arise under federal statutes, the Defend Trade Secrets Act of 2016 (18 U.S.C. § 1836 *et seq*.) and the Computer Fraud and Abuse Act (18 U.S.C. § 1030 *et seq*.). This Court also has supplemental jurisdiction over state and common law claims under 28 U.S.C. § 1367(a).

4. This Court has personal jurisdiction over Long Zhao because she resides in the Commonwealth of Massachusetts, transacts business there, and committed tortious acts in Massachusetts.

5. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1391(c) because Long Zhao resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## IV. FACTS APPLICABLE TO ALL COUNTS

6. Zhiquan Zhao was the Chairman of Board and CEO of Lunan until his death in November 2014. Defendant Zhao is his daughter.

7. In 2017, Defendant Long Zhao brought a declaratory judgment claim against Lunan in the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands, Commercial Division (hereinafter "BVI Litigation"), claiming that she is beneficially entitled to 21 million shares of the common stock of Lunan Pharmaceutical, amounting to a 25.7% interest in the company.

8. While the BVI litigation was pending, Defendant Zhao solicited, abetted, and conspired with an unknown employee of Lunan who gained unauthorized access to Lunan's computer and database to unlawfully retrieve highly proprietary and confidential information.

9. In March 2019, Defendant Zhao, without authorization, secretly gained access to Lunan's database with the aid of the unknown employee whom she directed to retrieve Lunan's confidential financial documents without its knowledge or consent.

10. Defendant Zhao further instructed the unknown Lunan employee as follows: "Send me anything regarding the foreign shares. And all the board resolutions."

11. The trade secret files and confidential information include Lunan and its subsidiaries' financial data, voucher entries, screenshots of their accounting vouchers, their ledger journals, their three-column account, their accounting ledgers, their accounting data, confidential salary information of their employees, and other confidential information.

12. Plaintiff has at all relevant times taken reasonable measures to protect its trade secrets and confidential information.

13. Among other measures, Lunan requires its employees to sign confidentiality agreements.

14. By signing the confidentiality agreements, employees acknowledge as follows:

> The confidential information involved in this agreement refers to non-patented technology and technical information that is not known to the public, that can bring economic benefits to the enterprise. It is practical and has been taken by the company to take confidential measures, such as technical secrets, trade secrets, etc. … trade secrets, including but not limited to: customer lists, sales plans, procurement materials, pricing policies, financial information, purchase channels, and other confidential information and materials.

15. Lunan also routinely requires employees with access to confidential or proprietary information to execute non-disclosure agreements.

16. Lunan also implements robust computer network security measures and allows only company-authorized persons to access confidential information stored in company computers. Additionally, Lunan prohibits employees from storing confidential information on any public portion of the company network, forwarding confidential information by email without proper labeling and authorization, or forwarding confidential information from work email accounts to personal email accounts.

17. The unknown employee exploited by Defendant Zhao did not have permission or authorization from Plaintiff to take screenshots of its confidential files in its database or to transfer those files to her or anyone outside the company.

18. After Lunan learned of Zhao's misappropriation in December 2020, it launched a company-wide investigation to identify the perpetrator.

19. In the meantime, when Zhao was asked to identify the perpetrator during her cross-examination of the BVI litigation, she identified a false name – an "IT" person with a last name of "Yung."

20. Upon investigation, Plaintiff confirmed that there is no person with the last name "Yung" currently working at Lunan, and it has to date been unable to determine the perpetrator's identity.

### COUNT I – Violation of the Defend Trade Secrets Act of 2016
### 18 U.S.C. § 1836 *et seq*.

21. The allegations contained in the above paragraphs are hereby incorporated by reference as if fully set forth herein.

22. Plaintiff is the owner of trade secrets that Defendant Zhao misappropriated and is, on information and belief, now using the trade secrets. These trade secrets are used in, and intended for use in, interstate or foreign commerce.

23. The unknown Lunan employee with whom Defendant conspired was under a contractual obligation not to use or disclose its confidential or proprietary information, including its trade secrets.

24. Lunan takes extensive measures to protect and maintain the secrecy of its trade secrets and confidential and proprietary information. These protections included requiring its employees and contractors to sign confidentiality and non-disclosure agreements, prohibiting

removal of any materials containing confidential, proprietary information from its premises except in the pursuit of Lunan's business, limiting access to its offices, encrypting forms of electronic storage, and limiting access to its computer systems through a variety of security mechanisms, such as requiring a password.

25. Lunan has expended significant resources to compile its trade secrets and other confidential and proprietary information, which derive independent economic value from not being publicly available. They are potentially highly valuable to Lunan and to any person or entity that wants to gain a competitive advantage against Lunan in the pharmaceutical industry.

26. As a direct and proximate result of Zhao's misappropriation of Lunan's trade secrets and other confidential and proprietary information, Lunan has suffered and will continue to suffer irreparable harm and other damages, including but not limited to loss of value of its trade secrets. Lunan is therefore entitled to injunctive relief, monetary damages for its actual losses and for unjust enrichment.

### COUNT II: Misappropriation of Trade Secrets, Massachusetts General Law Ch. 93, § 42 through § 42G

27. The allegations contained in the above paragraphs are hereby incorporated by reference.

28. Lunan took reasonable measures to protect and maintain the secrecy of its trade secrets and confidential and proprietary information.

29. Lunan held its trade secrets and confidential information in strict confidence and confidentiality. As Lunan is a privately held company, Lunan does not publish or disclose its financial information to the public.

30. Defendant Zhao stole trade secrets from Lunan through improper means. On information and belief, Defendant Zhao knowingly received the benefits from the disclosure

and/or use of Lunan's proprietary information for improper purposes. On information and belief, if Defendant Zhao is not enjoined, she will continue to misappropriate and use Lunan's trade secrets for her own benefit and to Lunan's detriment.

31. As a direct and proximate result of Defendant Zhao's misappropriation of Lunan's trade secrets and other confidential and proprietary information, Lunan has suffered and will continue to suffer irreparable harm and other damages, including but not limited to loss of value of its trade secrets. Lunan is therefore entitled to injunctive relief, monetary damages for its actual losses, and monetary damages for unjust enrichment where damages for its actual losses are not adequately addressed.

**COUNT III: Violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030**

32. The allegations contained in the above paragraphs are hereby incorporated by reference as if fully set forth herein.

33. Lunan maintains proprietary financial documents which contain closely guarded trade secrets in a protected computer. Normally the documents are encrypted in a format which is not readable outside of Lunan's database.

34. Screenshots of the stolen proprietary financial documents also show that they were retrieved through the back-end of Lunan's database. Only a handful of persons have access to the entire database and there are tight controls upon the ability of a user to export information from the database.

35. Due to the restrictions on exporting information from the database, the majority of the proprietary financial documents could not be transmitted directly from the unknown employee to Defendant Zhao via email or any other electronic communication channels. Instead, the unknown employee who aided Zhao took photos of the proprietary financial documents from a

computer screen and transmitted them to her indirectly via messages on Wechat (a popular Chinese messaging and social network), thereby circumventing Lunan's computer security mechanisms.

36. Defendant Zhao's actions were deliberate, willful, malicious, and unauthorized.

37. The Computer Fraud and Abuse Act is codified at 18 U.S.C. §1030. The Act allows "any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief." §1030(g).

38. In particular, Long Zhao has violated §1030(a)(2)(C); §1030(a)(4); §1030(a)(5)(B)-(C).

39. In addition to damages flowing from the disruption of its business activities, Lunan has incurred damages in investigating Zhao's acts of computer theft.

40. As a result of Defendant Zhao's violations of the Computer Fraud and Abuse Act, Plaintiff incurred costs exceeding $5,000. These costs include expenses to investigate Zhao's unauthorized access to Plaintiff's computer system and costs of implementation of necessary security enhancements to Plaintiff's database following Zhao's acts of computer theft.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Honorable Court grant judgment in its favor, and award the Plaintiff the following relief against Defendant:

1. Injunctive Relief;
2. Damages suffered by Plaintiff as a result of Defendant's misconduct, including consequential damages;
3. Punitive Damages;
4. Attorney fees and costs;
5. All applicable injunctive and equitable relief; and
6. Any other relief the Court deems just and equitable.

Plaintiff demands a jury trial on all counts so triable.

OMC\4848-4966-4218.v5-4/19/21

Date: April 21, 2021

    Respectfully submitted,
Plaintiff,
Lunan Pharmaceutical Group Co. Ltd.,
By its counsel,

*/s/ Michael F. Sommerville*
Michael F. Sommerville
BBO # 551175
CETRULO LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210
(t) 617 217 5500 | (f) 617 217 5200
msommerville@cetllp.com


*/s/ Bruce C. Fox*
Bruce C. Fox, Esquire (*pro hac vice* to be filed)
Pa. ID No. 42576
Obermayer Rebmann Maxwell & Hippel LLP
525 William Penn Pl, Ste. 1710
Pittsburgh, PA 15219
(t) 412-566-1500 | (f) 412-281-1530
bruce.fox@obermayer.com