# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

LUNAN PHARMACEUTICAL GROUP CO. LTD.,

     Plaintiff,

v.

LONG ZHAO

     Defendant.

Case No. 1:21-cv-10667-LTS

ORAL ARGUMENT REQUESTED

## DEFENDANT LONG ZHAO'S MEMORANDUM OF LAW
## IN SUPPORT OF HER MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Tracy A. Miner, BBO No. 547137
Christina N. Lindberg, BBO No. 690443
Miner Siddall LLP
101 Federal Street, Suite 650
Boston, MA 02110
Tel.: (617) 202-5890
Fax: (617) 202-5893
Email: tminer@msdefenders.com
Email: clindberg@msdefenders.com

*Attorneys for Defendant Long Zhao*

June 1, 2021

# TABLE OF CONTENTS

RELEVANT BACKGROUND .............................................................................................. 2

LEGAL STANDARD ...................................................................................................... 4

ARGUMENT ................................................................................................................... 5

    **I.**     **Massachusetts Law Does Not Apply to the Alleged Conduct** ..................................... 5

    **II.**    **The Court Lacks Jurisdiction Over Plaintiff's Federal Trade Secrets Claim** .......... 7

    **III.**   **Plaintiff Fails to State a Claim Under State and Federal Trade Secrets Law** ......... 9

    **IV.**   **Plaintiff Fails to State a Claim Under the Computer Fraud and Abuse Act** .......... 14

    **V.**    **The Complaint Should Be Dismissed on Forum Non Conveniens Grounds** .......... 17

**CONCLUSION** ................................................................................................................ 20

**Cases**

*Abdallah v. Bain Capital LLC*, 752 F.3d 114 (1st Cir. 2014) ........................................................ 16

*Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) ............................................................................... 8

*ATS Grp., LLC v. Legacy Tank & Indus. Servs. LLC*, 407 F. Supp. 3d 1186 (W.D. Okla. 2019) ....
.......................................................................................................................................... 11

*BondPro Corp. v. Siemens Power Generation*, 463 F.3d 702 (7th Cir. 2006) ............................ 12

*Burten v. Milton Bradley Co.*, 763 F.2d 461 (1st Cir. 1985) ....................................................... 10

*CH Bus Sales, Inc. v. Geiger*, 2019 WL 1282110 (D. Minn. Mar. 20, 2019) .............................. 12

*Civic Ctr. Motors, Ltd. v. Mason St. Imp. Cars, Ltd.*, 387 F. Supp. 2d 378 (S.D.N.Y. 2005) ...... 15

*Commonwealth v. Halstrom*, 996 N.E.2d 892 (Mass. App. Ct. 2013) ........................................ 13

*Cornwell Ent., Inc. v. Anchin, Block & Anchin LLP*, 2013 WL 2367849 (D. Mass. May 28, 2013)
.......................................................................................................................................... 6

*Craft Beer Stellar, LLC v. Glassdoor, Inc.*, 2018 WL 5505247 (D. Mass. Oct. 17, 2018) .......... 13

*Democratic Nat'l Comm. v. Russian Fed'n*, 392 F. Supp. 3d 410 (S.D.N.Y. 2019) .................... 11

*Elsevier Inc. v. Doctor Evidence, LLC*, 2018 WL 557906 (S.D.N.Y. Jan. 23, 2018) ................. 11

*e-Steps, LLC v. Am. Leading Fin., LLC*, 2019 WL 9834429 (D. P.R. Sept. 25, 2019) ................. 8

*ExactLogix, Inc. v. JobProgress, LLC*, 2020 WL 7490233 (N.D. Ill. Dec. 21, 2020) ................. 17

*Giragosian v. Ryan*, 547 F.3d 59 (1st Cir. 2008) .......................................................................... 3

*Gov't Emp. Ins. Co. v. Nealey*, 262 F. Supp. 3d 153 (E.D. Pa. 2017) .......................................... 7

*Hyo Jung v. Chorus Music Studio, Inc.*, 2014 WL 4493795 (S.D.N.Y. Sept. 11, 2014) .............. 13

*Imamura v. General Electric Co.*, 371 F. Supp. 3d 1 (D. Mass. 2019) ................................. 18, 20

*Incase Inc. v. Timex Corp.*, 488 F.3d 46 (1st Cir. 2007) ............................................................... 9

*Iragorri v. Int'l Elevator, Inc.*, 203 F.3d 8 (1st Cir. 2000) ..................................................... 18, 19

*Islands Hospice, Inc. v. Duick*, 2019 WL 4620369 (D. Haw. Sept. 23, 2019) .............................. 8

*Jet Spray Cooler, Inc. v. Crampton*, 282 N.E.2d 921 (Mass. 1972). ........................................... 10

*Kairam v. West Side GI, LLC*, 793 F. App'x 23 (2d Cir. 2019) .................................................. 11

*Kluber Skahan & Assocs., Inc. v. Cordogen, Clark & Assoc., Inc.*, 2009 WL 466812 (N.D. Ill.

   Feb. 25, 2009) ........................................................................................................................... 16

*Linkco, Inc. v. Nichimen Corp.*, 164 F. Supp. 2d 203 (D. Mass. 2001) ....................................... 18

*Lockley v. Studentcity.com, Inc.*, 2019 WL 7753749 (Mass. Super. Ct. Dec. 23, 2019) .............. 6

*Mahoney v. DeNuzzio*, 2014 WL 347624 (D. Mass. Jan. 29, 2014) ............................................ 15

*Mercier v. Sheraton Int'l, Inc.*, 981 F.2d 1345 (1st Cir. 1992) .................................................... 18

*Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010) .............................................................. 5

*Nexans Wires S.A. v. Sark-USA, Inc.*, 166 Fed. App'x 559 (2d Cir. 2006) ................................ 16

*Nexans Wires S.A. v. Sark-USA, Inc.*, 319 F. Supp. 2d 468 (S.D.N.Y. 2004) ............................ 15

*OBP Corp. v. Welch Allyn, Inc.*, 2016 WL 7735873 (Mass. Super. Nov. 15, 2016) .................... 13

*Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1 (1st Cir. 2011) ................................................ 5

*OrbusNeich Med. Co., Ltd., BVI v. Bos. Sci. Corp.*, 694 F. Supp. 2d 106 (D. Mass. 2010) ........... 5

*Pittsburgh Logistics Sys., Inc. v. LaserShip, Inc.*, 2019 WL 2443035 (W.D. Pa. June 19,

   2019)………………………………………………………………………………..11

*Shirokov v. Dunlap, Grubb & Weaver, PLLC*, 2012 WL 1065578 (D. Mass. Mar. 27, 2012) .... 14

*Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422 (2007)................. 17

*Sirius Comput. Sols., Inc. v. Sachs*, 2021 WL 1577798 (N.D. Ill. Apr. 22, 2021) ...................... 12

*Snöfrost AB v. Håkansson*, 353 F. Supp. 3d 99 (D. Mass. 2018) .................................... 18, 19, 20

*State Analysis, Inc. v. Am. Fin. Servs. Assoc.*, 621 F. Supp. 2d 309 (E.D. Va. 2009) ................. 16

*Sutra, Inc. v. Iceland Exp., ehf*, 2008 WL 2705580 (D. Mass. Jul. 10, 2008) .............................. 10

*Tactical Personnel Leasing, Inc. v. Hajduk*, 2018 WL 4740195 (W.D. Pa. Oct. 2, 2018).......... 17

*TargetSmart Holdings, LLC v. GHP Advisors, LLC*, 366 F. Supp. 3d 195 (D. Mass. 2019) ......... 7

*Taylor v. E. Connection Operating, Inc.*, 988 N.E.2d 408 (Mass. 2013) ...................................... 5

*Trust Safe Pay, LLC v. Dynamic Diet, LLC*, 2017 WL 3974949 (D. Mass. Sept. 8, 2017) ......... 11

*Turner W. Branch, P.A. v. Osborn*, 2014 WL 12593991 (D.N.M. Mar. 26, 2014) .................... 15

*Valentin v. Hosp. Bella Vista*, 254 F.3d 358 (1st Cir. 2001) ......................................................... 4

*Viken Detection Corp. v. Videray Techs. Inc.*, 384 F. Supp. 3d 168 (D. Mass. 2019) .................. 9

*Warlop v. Lernout*, 473 F. Supp. 2d 260 (D. Mass. 2007)........................................................... 20

**Statutes**

18 U.S.C. § 1030(e)(11) .................................................................................................... 14, 16

18 U.S.C. § 1030(e)(8).............................................................................................................. 14

18 U.S.C. § 1030(g) ............................................................................................................ 14, 16

18 U.S.C. § 1836(b)(1) ............................................................................................................... 7

18 U.S.C. § 1839(3)(B) ............................................................................................................. 10

Mass. Gen. Laws ch. 93, § 42(1) ............................................................................................. 12

Mass. Gen. Laws ch. 93, § 42(4) ............................................................................................... 9

Mass. Gen. Laws. ch. 93, § 42D(b) ......................................................................................... 10

This action arises out of pending litigation in the British Virgin Islands, filed in 2017, concerning the ownership of a British Virgin Islands company which holds shares of Lunan Pharmaceutical Group Co. Ltd.'s ("Plaintiff") common stock. Defendant Long Zhao ("Ms. Zhao") is the claimant (plaintiff) and Plaintiff Lunan is the defendant and claimant in counterclaim in that action. The information Lunan now claims was a confidential trade secret was disclosed and used in that action. Indeed, as alleged in the Complaint, Ms. Zhao was cross-examined about it in that case. Compl. ¶ 19.

Despite the fact that the BVI litigation and the documents used in that litigation have no connection to the United States or to Massachusetts, Plaintiff filed its Complaint against Ms. Zhao in this Court for misappropriation of trade secrets under the Massachusetts Uniform Trade Secrets Act and the Defend Trade Secrets Act and violation of the Computer Fraud and Abuse Act. These claims have no legal merit and should be dismissed.

Plaintiff's claim under the Massachusetts statute fails because it does not apply extraterritorially. In addition, the claim fails because the statute applies only to activities that occur and have their competitive impact primarily and predominantly in the Commonwealth. The Complaint alleges no Massachusetts activities or impact. Indeed, Plaintiff cannot make such allegations because it is a Chinese company with operations in China, and it is not even registered to do business in Massachusetts.

The Defend Trade Secrets Act claim must be dismissed on subject matter jurisdiction grounds because Plaintiff fails to allege that its purported trade secrets are related to a product or service used in interstate commerce. Its vague categories of accounting and employee compensation information, insufficient under the definition of trade secret in their own right, are neither related to a product or service nor are they used in interstate commerce.

Similarly, both misappropriation claims fail because Plaintiff recites the elements of a misappropriation claim with virtually no non-conclusory allegations. These regurgitations of statutory text provide no basis for the Court to conclude that Plaintiff sufficiently alleged a trade secret or that Ms. Zhao used improper means, in breach of a confidential relationship, to acquire and use it.

Plaintiff cannot state a claim for violation of the Computer Fraud and Abuse Act as it fails to adequately allege that it suffered damage or loss related to a computer and its claim is barred by the two-year statute of limitations.

Finally, the doctrine of forum non conveniens dictates dismissal of all of Plaintiff's claims. The alleged misappropriation occurred in connection with litigation in the British Virgin Islands relating to the ownership of a British Virgin Islands company which holds shares of Plaintiff's common stock. Plaintiff should bring this action in the British Virgin Islands where the Court is already familiar with the parties and the "trade secret" information at issue.

Accordingly, for each of these independent reasons, Plaintiff's Complaint should be dismissed in its entirety and with prejudice.

## RELEVANT BACKGROUND[1]

This litigation directly emanates from a claim Ms. Zhao brought against Plaintiff in the British Virgin Islands regarding ownership of an entity incorporated in the British Virgin Islands. In 2017, Ms. Zhao brought a declaratory judgment claim against Plaintiff in the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands, Commercial Division (the "BVI Litigation"). Compl. ¶ 7. Ms. Zhao claimed ownership of a British Virgin Islands company which owns 21 million shares of Plaintiff's common stock (the "BVI Company").

---

[1] For the purposes of this Motion only, Ms. Zhao accepts the allegations of the Complaint.

Compl. ¶ 7.  Ms. Zhao claimed that her father, who was Plaintiff's Chairman and CEO until his death in November 2014, owned the BVI Company and bequeathed his ownership to her. Compl. ¶ 6.  Lunan counterclaimed and claimed that it was the beneficial owner of the BVI Company and the shares at issue.

During the BVI Litigation, Ms. Zhao filed numerous motions to compel Lunan to produce documents relevant to her claim.  Zhao Decl., Exs. A and B.[2]  On April 9, 2019, the Eastern Caribbean Supreme Court (the "BVI Court") ordered Plaintiff to allow Ms. Zhao and her attorneys to inspect Lunan's accounting books.  Zhao Decl., Ex. A.  On March 9, 2021, the BVI Court ordered Plaintiff to produce memoranda and communications mentioning various entities, including the BVI Company, a complete set of dividend declarations for Plaintiff and its subsidiaries, and a complete set of accounting ledgers for Ms. Zhao's father and other entities, including the BVI Company along with the corresponding entries in the general ledger and bank ledger.  Zhao Decl., Ex. B.

Plaintiff claims that its "trade secret files and confidential information include Lunan and its subsidiaries' financial data, voucher entries, screenshots of their accounting vouchers, their ledger journals, their three-column account, their accounting ledgers, their accounting data, confidential salary information of employees, and other confidential information."  Compl. ¶ 11. These general categories of information that Plaintiff claims are "trade secrets" are simply the information it was ordered to produce to Ms. Zhao in the BVI Litigation.  Zhao Decl., Exs. A and B.

---

[2] The Court may consider the orders in the BVI Litigation on a motion to dismiss because they are in Plaintiff's possession and Plaintiff has knowledge of them, they are public records, and they are central to Plaintiff's claims.  *Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir. 2008).

Ignoring these facts, Plaintiff alleges that Ms. Zhao contacted one of its employees in March 2019 and asked for all board resolutions and anything regarding the foreign shares. Compl. ¶¶ 9-10.  An employee took photos of financial documents and transmitted them to Ms. Zhao indirectly via the Chinese messaging app, WeChat.  Compl. ¶ 35.  Ms. Zhao used these documents in the BVI Litigation to support her claim.  Zhao Decl., Exs. A and B.  After Plaintiff learned in the BVI Litigation that Ms. Zhao obtained information from one of its employees, it launched a company-wide investigation to identify the employee.  Compl. ¶ 18.  It also asked Ms. Zhao to identify the employee during her cross-examination in the BVI Litigation.  Compl. ¶ 19.  Although the Complaint alleges that Ms. Zhao identified the employee falsely as "Yung," the transcript reveals that she referred to him as "John."  Zhao Decl., Ex. D.  Plaintiff's attorneys did not seek to compel further identification.  Zhao Decl., Ex. D.

## LEGAL STANDARD

Fed. R. Civ. P. 12(b)(1) requires dismissal where the court lacks subject matter jurisdiction.  A court's assessment of a motion to dismiss based on Rule 12(b)(1) depends on whether a defendant mounts a sufficiency challenge or a factual challenge to subject matter jurisdiction.  On a sufficiency challenge, the court must credit the plaintiff's well-pleaded factual allegations and draw all reasonable inferences from them in its favor.  *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001).  On a factual challenge, the defendant can offer evidentiary materials to controvert the accuracy of the jurisdictional facts asserted by the plaintiff and the plaintiff's "jurisdictional averments are entitled to no presumptive weight."  *Id*.  The court "must address the merits of the jurisdictional claim by resolving the factual disputes between the parties."  *Id*.  Ms. Zhao mounts both a sufficiency and factual challenge to subject

matter jurisdiction, and under both of these standards, Plaintiff's Defend Trade Secrets Act claim must be dismissed because the Court lacks subject matter jurisdiction.

Pursuant to Fed. R. Civ. P. 12(b)(6), a court must dismiss a plaintiff's complaint where it fails to state a claim upon which relief may be granted. In making this determination, a court should employ a two-pronged approach. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). First, it begins "by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." *Id*. (citation and quotation marks omitted). Second, taking non-conclusory factual allegations as true, a court must determine whether the allegations "state a plausible, not a merely conceivable, case for relief." *Id*. (citation and quotation marks omitted). On a motion to dismiss, courts may also consider documents whose authenticity is not disputed by the parties, public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint. *OrbusNeich Med. Co., Ltd., BVI v. Bos. Sci. Corp.*, 694 F. Supp. 2d 106, 110 (D. Mass. 2010). Here, because Plaintiff merely recites the elements of causes of action and offers no sufficient factual allegations, dismissal of each of its claims is warranted.

## ARGUMENT

### I.    Massachusetts Law Does Not Apply to the Alleged Conduct

Plaintiff fails to state a claim for misappropriation of trade secrets under Massachusetts law because it does not apply extraterritorially. Federal courts presume that "[w]hen a statute gives no clear indication of an exterritorial application, it has none." *Morrison v. Nat'l Austl. Bank Ltd*., 561 U.S. 247, 255 (2010). The Massachusetts Supreme Judicial Court has "[a]ssum[ed] without deciding that there is a presumption against the application of Massachusetts statutes outside the United States." *Taylor v. E. Connection Operating, Inc*., 988

N.E.2d 408, 413 n.9 (Mass. 2013).  Massachusetts courts have also relied on "functional choice-of-law principles in assessing the applicability of [a] statute to the plaintiffs' claims." *Id*. at 413-14.  Under this approach, courts consider which jurisdiction has the most significant relationship to the occurrence and the parties by evaluating the following factors: "(a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered." *Cornwell Ent., Inc. v. Anchin, Block & Anchin LLP*, No. 09-11708, 2013 WL 2367849, at *2 (D. Mass. May 28, 2013).

Here, both the assumed presumption against extraterritoriality of Massachusetts statutes and the application of choice of law principles dictate that Massachusetts law does not apply to Plaintiff's claim.  As to the first and second factors, the alleged misappropriation occurred in China in connection with the BVI Litigation.  Compl. ¶¶ 8-10, 19-20.  As to the third factor, Plaintiff is a Chinese company which does not do business in Massachusetts.  Although Ms. Zhao resides in Massachusetts, the information was allegedly misappropriated in China.  Finally, the relationship is centered in the British Virgin Islands through the BVI Litigation, which has been ongoing since 2017.  Compl. ¶¶ 7-10, 19-20.  As these factors illustrate, Plaintiff's claim has no relationship to Massachusetts, Massachusetts law does not apply, and Plaintiff's claim should be dismissed.  *Lockley v. Studentcity.com, Inc*., No. 20190993BLS2, 2019 WL 7753749, at *3 (Mass. Super. Ct. Dec. 23, 2019) (dismissing Wage Act claim on the grounds that it did not apply to plaintiff's employment in the Bahamas).

Even without a presumption against extraterritoriality, Plaintiff's misappropriation claim fails because it does not allege any connection to Massachusetts.  The Massachusetts Uniform Trade Secrets Act is "limited in scope and appl[ies] only to 'any course of conduct, pattern of

activity, or activities [that] occur and have their competitive impact primarily and predominantly within the [C]ommonwealth.'" *TargetSmart Holdings, LLC v. GHP Advisors, LLC*, 366 F. Supp. 3d 195, 212 n.2 (D. Mass. 2019) (citation and quotation marks omitted) (finding that Massachusetts Uniform Trade Secrets Act would not apply where plaintiff did not allege that violation of the statute took place in Massachusetts). In this case, the Complaint makes no claim that any activity occurred in Massachusetts or any competitive impact was felt in Massachusetts. Plaintiff does not point to a single action which allegedly took place in Massachusetts. Nor could it make such a claim because the alleged misappropriation occurred in China in connection with the BVI Litigation. Compl. ¶¶ 7-10, 19-20. Moreover, Plaintiff does not allege that it felt any competitive impact—never mind a *primary and predominant* impact—within Massachusetts, nor can it. Plaintiff, a Chinese company with its principal place of business in China, carries out medical research and is involved in the production and sale of pharmaceutical products in China. Compl. ¶ 1. It is not even registered to do business in Massachusetts. Because Plaintiff fails to allege any connection to Massachusetts, it cannot state a claim under the Massachusetts Uniform Trade Secrets Act and the Court should dismiss the claim with prejudice.

## II. The Court Lacks Jurisdiction Over Plaintiff's Federal Trade Secrets Claim

Plaintiff's Defend Trade Secrets Act ("DTSA") claim fails, on both a sufficiency basis and a factual basis, because the Court lacks subject matter jurisdiction. Pursuant to Section 1836(b)(1), "An owner of a trade secret that is misappropriated may bring a civil action under [the DTSA] if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). The interstate commerce requirement is jurisdictional. *Gov't Emp. Ins. Co. v. Nealey*, 262 F. Supp. 3d 153, 173 (E.D. Pa. 2017) (collecting cases). It is axiomatic that a federal court must dismiss a claim if it lacks subject

matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Because Plaintiff does not allege a connection between the alleged trade secrets and a product or service used in commerce and the evidence reveals that there is none, the Court must dismiss the DTSA claim for lack of subject matter jurisdiction.

Plaintiff's claim fails on sufficiency grounds because Plaintiff does not allege any facts to support the Court's exercise of subject matter jurisdiction. It fails to allege that its trade secret information is related to any product or service used in interstate commerce. Instead, Plaintiff claims its trade secrets are its accounting information and employee compensation information. These allegations demonstrate that there is no connection whatsoever between the claimed trade secrets and any product or service. *Islands Hospice, Inc. v. Duick*, No. 19-00202, 2019 WL 4620369, at *5 (D. Haw. Sept. 23, 2019) ("[W]hat must 'relate to' the product or service in interstate commerce is such 'secret' information."). Courts frequently dismiss DTSA claims on subject matter jurisdiction grounds for failure to allege the interstate commerce requirement. *Nealey*, 262 F. Supp. 3d at 173 (dismissing DTSA claim for failure to allege nexus between claims data and interstate or foreign commerce); *e-Steps, LLC v. Am. Leading Fin., LLC*, No. 19-1637, 2019 WL 9834429, at *6 (D. P.R. Sept. 25, 2019) (dismissing DTSA claim because GPS software related to product created for use in Puerto Rico); *Islands Hospice, Inc.*, 2019 WL 4620369, at *6 (dismissing DTSA claim because hospice program provided services solely in Hawaii). Because Plaintiff did not plead this crucial allegation, the Court must dismiss the DTSA claim for lack of subject matter jurisdiction.

The evidence further illustrates that Plaintiff cannot establish that the trade secrets at issue are related to a product or service used in interstate commerce. Plaintiff carries out medical research and is involved in the production and sale of pharmaceutical products in China. Compl.

¶ 1.  The BVI Court ordered Plaintiff to produce the alleged trade secret information, accounting information and employee compensation information, because it was relevant to the parties' shareholder dispute.  Zhao Decl., Exs. A and B.  The information does not relate to Plaintiff's products or services, if any, because those were not at issue in the BVI Litigation.  Compl. ¶ 7.  Both the allegations in the Complaint and the evidence submitted in support of this Motion confirm that Plaintiff cannot establish a relationship between its alleged trade secrets and interstate commerce.  Therefore, the Court lacks jurisdiction over the DTSA claim and it must be dismissed with prejudice.

## III.    Plaintiff Fails to State a Claim Under State and Federal Trade Secrets Law

Plaintiff's state and federal misappropriation claims fail for the independent reason that it cannot state a claim upon which relief can be granted.  To state a claim for misappropriation of trade secrets, Plaintiff must allege that "(1) the information is a trade secret, (2) the plaintiff took reasonable steps to preserve the secrecy of the information, and (3) the defendant used improper means, in breach of a confidential relationship, to acquire and use the trade secret." *Incase Inc. v. Timex Corp.*, 488 F.3d 46, 52 (1st Cir. 2007).  Because Plaintiff fails to allege that its information is a trade secret or that Ms. Zhao used improper means, in breach of a confidential relationship, to acquire and use it, its misappropriation claims fail as a matter of law.[3]

Massachusetts law defines a trade secret as specified information that provides economic advantage from not being generally known or readily ascertainable to others who might obtain economic advantage from it and was the subject of reasonable efforts to protect against it being acquired, disclosed, or used without consent.  Mass. Gen. Laws ch. 93, § 42(4).  "A trade secret

---

[3] Ms. Zhao will address the misappropriation claims together because "[t]he standard for misappropriation under the DTSA is substantially similar to that under Massachusetts law." *Viken Detection Corp. v. Videray Techs. Inc*., 384 F. Supp. 3d 168, 177 (D. Mass. 2019).

may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Burten v. Milton Bradley Co*., 763 F.2d 461, 463 n.2 (1st Cir. 1985) (citation omitted). Likewise, under the DTSA, a trade secret is defined as information that "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information." 18 U.S.C. § 1839(3)(B).

A plaintiff must allege misappropriation with reasonable particularity, including the nature of the trade secrets and the basis for their protection. Mass. Gen. Laws. ch. 93, § 42D(b). "A plaintiff has no cognizable trade secret claim until it has adequately identified the specific trade secrets that are at issue . . . with clarity that can be understood by a lay person . . . and distinguish[ed] what is protectable from that which is not." *Sutra, Inc. v. Iceland Exp., ehf*, No. 04-11360, 2008 WL 2705580, at *4 (D. Mass. Jul. 10, 2008) (Woodlock, J.) (citations and quotation marks omitted). When evaluating whether information is a trade secret, courts consider the following factors: (1) the extent to which the information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken by the employer to guard the secrecy of the information; (4) the value of the information to the employer and to his competitors; (5) the amount of effort or money expended by the employer in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others. *Jet Spray Cooler, Inc. v. Crampton*, 282 N.E.2d 921, 925 (Mass. 1972).

Plaintiff's misappropriation claim fails because it does not identify a trade secret with reasonable particularity. It alleges that its trade sect information includes accounting information

and employee compensation information.  Compl. ¶ 11.  But "[a]lleging the existence of general <u>categories</u> of 'confidential information,' without providing any details to 'generally define the trade secrets at issue,' does not give rise to a plausible allegation of a trade secret's existence." *Elsevier Inc. v. Doctor Evidence, LLC*, No. 17-cv-5540, 2018 WL 557906, at *6 (S.D.N.Y. Jan. 23, 2018) (citation omitted) (emphasis in original).  Courts frequently dismiss misappropriation claims where a plaintiff fails to adequately identify a trade secret.  *Trust Safe Pay, LLC v. Dynamic Diet, LLC*, No. 17-10166, 2017 WL 3974949, at *9-10 (D. Mass. Sept. 8, 2017) (dismissing misappropriation claim for failure to identify trade secret); *Pittsburgh Logistics Sys., Inc. v. LaserShip, Inc*., No. 18-cv-1382, 2019 WL 2443035, at *10 (W.D. Pa. June 19, 2019) (recitations of the statutory definition for a trade secret are insufficient to state a DTSA claim).

Even if Plaintiff had adequately identified its trade secrets, its misappropriation claims fail because it does not allege that the trade secrets have any independent economic value.  "[T]o survive a motion to dismiss, a party alleging that it owns a trade secret must put forth specific allegations as to the information owned and its value."  *Elsevier Inc.*, 2018 WL 557906, at *4.  Plaintiff provides no explanation of how its "trade secrets" provide independent economic value.  Compl. ¶ 25.  Where a plaintiff fails to allege facts supporting this element, its claim should be dismissed.  *Kairam v. West Side GI, LLC*, 793 F. App'x 23, 28 (2d Cir. 2019) (affirming dismissal of DTSA claim where plaintiff failed to allege how the trade secret derives independent economic value); *Democratic Nat'l Comm. v. Russian Fed'n*, 392 F. Supp. 3d 410, 448 (S.D.N.Y. 2019) (dismissing DTSA claim for failure to allege how trade secret derives value from secrecy); *ATS Grp., LLC v. Legacy Tank & Indus. Servs. LLC*, 407 F. Supp. 3d 1186, 1200 (W.D. Okla. 2019) (same).

Aside from its lack of economic value, the claimed trade secret information is both stale and public.  Such information cannot constitute a trade secret.  First, the trade secret information is outdated.  Plaintiff alleges that it was obtained in March 2019—more than two years ago.  Compl. ¶ 9.  Even if the information had an economic value at the time, which it did not, it has now become stale and any competitive advantage it may have conferred, no longer exists.  *Sirius Comput. Sols., Inc. v. Sachs*, No. 20-cv-1432, 2021 WL 1577798, at *4 (N.D. Ill. Apr. 22, 2021) (trade secret information shared ten months earlier was stale and provided no competitive advantage); *CH Bus Sales, Inc. v. Geiger*, No. 18-cv-2444, 2019 WL 1282110, at *10 (D. Minn. Mar. 20, 2019) (dismissing DTSA claim and suggesting that "months-old" information did not constitute a trade secret).  Second, the trade secret information is public.  The BVI Court ordered Plaintiff to disclose memoranda regarding the BVI company and other entities, dividend declarations for Plaintiff and its subsidiaries, and a complete set of accounting ledgers.  Zhao Decl., Ex. B.  A "trade secret that becomes public knowledge is no longer a trade secret." *Democratic Nat'l Comm.*, 392 F. Supp. 3d at 448 (quoting *BondPro Corp. v. Siemens Power Generation*, 463 F.3d 702, 706 (7th Cir. 2006)).  Because the claimed trade secret information is both stale and public, it cannot constitute a trade secret.

The Complaint also lacks any allegations that Ms. Zhao used improper means, in breach of a confidential relationship, to acquire and use the trade secret.  Improper means includes "theft, bribery, misrepresentation, unreasonable intrusion into private physical or electronic space, or breach or inducement of a breach of a confidential relationship."  Mass. Gen. Laws ch. 93, § 42(1).  Plaintiff's bare assertion that Ms. Zhao stole trade secrets through improper means is insufficient.  Compl. ¶ 30.  Its claim that Ms. Zhao asked an unknown employee to send her anything regarding foreign shares and all board resolutions similarly does not rise to the level of

inducement.  Compl. ¶ 10; *Com. v. Halstrom*, 996 N.E.2d 892, 896 (Mass. App. Ct. 2013)

(finding no error in jury instruction that induce means to "move another to do something by

influence or persuasion").  Furthermore, Plaintiff also fails to allege that it had a confidential

relationship with Ms. Zhao.  It alleges that Ms. Zhao is the daughter of its former CEO and the

opposing party in the BVI Litigation, but neither relationship is a confidential one.  Compl. ¶¶ 6-

7.  Failure to allege this element results in dismissal.  *Craft Beer Stellar, LLC v. Glassdoor, Inc*.,

No. 18-10510, 2018 WL 5505247, at *3 (D. Mass. Oct. 17, 2018) (dismissing trade secrets claim

for failure to allege confidential relationship).

To the extent Plaintiff attempts to allege third party liability, its claim likewise fails.  "A

third party who knowingly benefits from a trade secret which a person in a confidential

relationship obtained from the plaintiff is liable to the plaintiff for misappropriation of the trade

secret."  *OBP Corp. v. Welch Allyn, Inc*., No. 201601496BLS1, 2016 WL 7735873, at *4 (Mass.

Super. Nov. 15, 2016).  "To recover, a plaintiff need show that the third party had actual or

constructive notice that the information it obtained and used was a trade secret."  *Id*.

The Complaint fails to allege that Ms. Zhao (1) had notice that the information was a

trade secret and (2) that she acquired and used a trade secret.  Plaintiff makes no allegation that

Ms. Zhao had actual or constructive notice that the information was a trade secret.  As to Ms.

Zhao's alleged acquisition, Plaintiff merely claims an unknown employee transmitted "financial

documents" to her.  Compl. ¶ 35.  This allegation is plainly insufficient.  Alleging a category of

confidential information does not give rise to a trade secret.  Plaintiff's Complaint is similarly

devoid of any allegation that Ms. Zhao used a trade secret.  It claims, without any factual

allegations whatsoever, that "on information and belief, [Ms. Zhao] is now using the trade

secrets."  Compl. ¶ 22; *Hyo Jung v. Chorus Music Studio, Inc*., No. 13-cv-1494, 2014 WL

4493795, at *8 (S.D.N.Y. Sept. 11, 2014) (denying motion to amend DTSA claim as futile because there were no allegations of how the information was used). The Court should dismiss Plaintiff's misappropriation claims with prejudice because it fails to allege that Ms. Zhao used improper means, in breach of a confidential relationship, to acquire and use the trade secret.

## IV.    Plaintiff Fails to State a Claim Under the Computer Fraud and Abuse Act

Plaintiff fails to state a claim under the Computer Fraud and Abuse Act ("CFAA") because it does not allege that it suffered damage or loss by reason of a violation. The CFAA is primarily a criminal statute, but an individual may bring a civil action against a violator so long as she has suffered "damage or loss by reason of a violation" of the CFAA. 18 U.S.C. § 1030(g). Because Plaintiff fails to allege damage or loss, its CFAA claim must be dismissed. Damage is defined as "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8). The Complaint does not allege that Plaintiff's data, programs, systems, or information were impaired or unavailable in any way. It does not allege that its ability to use its computer has been affected or that computer repairs were required. *Shirokov v. Dunlap, Grubb & Weaver, PLLC*, No. 10-12043, 2012 WL 1065578, at *24 (D. Mass. Mar. 27, 2012) (O'Toole, J.) (dismissing CFAA claims where plaintiff did not allege that its computer was impaired or required repair). Plaintiff's formulaic recitation of the elements is insufficient and cannot survive a motion to dismiss. *Id.*

In addition to damage, Plaintiff fails to sufficiently allege loss. The CFAA defines loss as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(11). Loss "has consistently meant a

cost of investigating or remedying damage to a computer, or a cost incurred because the computer's service was interrupted." *Nexans Wires S.A. v. Sark-USA, Inc*., 319 F. Supp. 2d 468, 475 (S.D.N.Y. 2004). Plaintiff must allege losses that relate to its computer. *Shirokov*, 2012 WL 1065578, at *23 (dismissing CFAA claim where plaintiff failed to allege any losses relating to the computer); *Civic Ctr. Motors, Ltd. v. Mason St. Imp. Cars, Ltd.*, 387 F. Supp. 2d 378, 382 (S.D.N.Y. 2005) (same). Qualifying losses include costs related to assessing and repairing computer damage and costs incurred because the computer is not functioning. *Shirokov*, 2012 WL 1065578, at *24.

Plaintiff does not claim that Ms. Zhao's alleged conduct resulted in any loss related to its computer. It alleges that its losses stem from investigating Ms. Zhao's alleged computer theft and implementing security enhancements, but it fails to connect its claimed losses to a computer. Compl. ¶¶ 39-40. The crux of Plaintiff's allegations is that it incurred losses trying to identify a disloyal employee—not repairing or assessing damage to its computer. Its company-wide investigation sought to identify the employee who allegedly assisted Ms. Zhao. Compl. ¶¶ 18, 39. Plaintiff does not allege that its computer was hacked, damaged, or inaccessible. In fact, it admits that its computers were not even involved in the alleged transmission of information to Ms. Zhao. It alleges that one of its employees took photos of its information and sent the photos to Ms. Zhao via WeChat. Compl. ¶ 35. Because Plaintiff fails to allege loss related to a computer, it cannot state a claim under the CFAA. *Mahoney v. DeNuzzio*, No. 13-11501, 2014 WL 347624, at *2, 5 (D. Mass. Jan. 29, 2014) (plaintiff sufficiently alleged loss where he retained a computer forensics expert who found that the computer was accessed 502 times); *Turner W. Branch, P.A. v. Osborn*, No. 13-00110, 2014 WL 12593991, at *18 (D.N.M. Mar. 26, 2014) (dismissing CFAA claim because investigative legal costs did not relate to the computer).

The conclusory claim that Plaintiff incurred damages flowing from the disruption of business activities similarly fails to constitute loss. Compl. ¶ 39. To the extent the allegation can be construed as loss of revenue or other consequential damages, it fails because Plaintiff does not allege an interruption of service. It alleges that an employee sent screenshots of information to Ms. Zhao via WeChat. Compl. ¶ 35. It does not allege that its computers were inaccessible. Lost revenue, costs, and other consequential damages are recoverable only when connected to an interruption in service. 18 U.S.C. § 1030(e)(11); *Nexans Wires S.A. v. Sark-USA, Inc.*, 166 Fed. App'x 559, 562 (2d Cir. 2006) (lost revenue is recoverable only when connected to an interruption in service). Plaintiff makes no allegations that Ms. Zhao's purported conduct caused it to suffer damages from an interruption in service.

Even if Plaintiff sufficiently alleged loss, its claim is barred by the statute of limitations.[4] A plaintiff may not bring a private action under the CFAA unless "such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage." 18 U.S.C. § 1030(g). Courts have repeatedly held that "[t]he plain text of § 1030(g) reflects both that Congress understood 'damage' and 'loss' as distinct harms and that it intended to apply the injury-discovery limitation to the former only." *Kluber Skahan & Assocs., Inc. v. Cordogen, Clark & Assoc., Inc.*, No. 08-cv-1529, 2009 WL 466812, at *7 (N.D. Ill. Feb. 25, 2009). Where a plaintiff alleges that it has suffered only loss, but not damage, the statute of limitations for a CFAA claim begins to run from the date of the alleged violations. *State Analysis, Inc. v. Am. Fin. Servs. Assoc.*, 621 F. Supp. 2d 309, 316, 323 (E.D. Va. 2009) (barring any recovery for loss

---

[4] "When the allegations in a complaint show that the passage of time between the events giving rise to the claim and the commencement of the action exceeds the applicable limitations period, a district court should grant a 12(b)(6) motion by the defense if the complaint (and any other properly considered documents) fails to sketch a factual predicate that would provide a basis for tolling the statute of limitations." *Abdallah v. Bain Capital LLC*, 752 F.3d 114, 119 (1st Cir. 2014) (citation and quotation marks omitted).

occurring two years before the complaint was filed); *Tactical Personnel Leasing, Inc. v. Hajduk*, No. 18-203, 2018 WL 4740195, at *5 (W.D. Pa. Oct. 2, 2018) (dismissing loss claim with prejudice as barred by the statute of limitations).  Otherwise, "[i]f the statute of limitations ran from the occurrence of loss, then plaintiffs would have control over the limitations period . . . which is supposed to act as a check on plaintiffs." *ExactLogix, Inc. v. JobProgress, LLC*, No. 18-cv-50213, 2020 WL 7490233, at *5 (N.D. Ill. Dec. 21, 2020).

Here, Plaintiff makes no allegations that it suffered damage.  Therefore, the discovery rule does not apply.  Assuming arguendo that Plaintiff sufficiently alleged loss, which it has not, the statute of limitations runs from the date of the allegation violation.  Plaintiff alleges that Ms. Zhao accessed its database in March 2019.  Compl. ¶ 8.  Because Plaintiff filed the Complaint on April 21, 2021, more than two years after Ms. Zhao's alleged acts in March 2019, its CFAA claim is barred by the statute of limitations and must be dismissed with prejudice.

## V.     The Complaint Should Be Dismissed on Forum Non Conveniens Grounds

The Complaint should be dismissed in its entirety based on the doctrine of forum non conveniens.[5]  This action has no relation to the United States or Massachusetts.  It completely derives from litigation between Ms. Zhao and Plaintiff in the British Virgin Islands regarding ownership of shares of a Chinese company held by the BVI Company.  As is clear from the Complaint, the logical and convenient geographical location to adjudicate this action—and where the parties are already litigating—is the British Virgin Islands, and therefore, the Complaint must be dismissed with prejudice.

---

[5] A court does not need to find that it has subject matter jurisdiction over a case before applying the forum non conveniens framework because jurisdiction is only necessary for a judgment on the merits. *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp*., 549 U.S. 422, 431 (2007).  A forum non conveniens dismissal is not a judgment on the merits, but "a determination that the merits should be adjudicated elsewhere." *Id*. at 432.

"Forum non conveniens permits dismissal of a case, even if the court has jurisdiction, when 'an alternative forum is available in another nation which is fair to the parties and substantially more convenient for them or the courts.'" *Imamura v. General Electric Co.*, 371 F. Supp. 3d 1, 4 (D. Mass. 2019) (quoting *Mercier v. Sheraton Int'l, Inc.*, 981 F.2d 1345, 1349 (1st Cir. 1992)). "The first criterion, the availability of an alternative forum, is straightforward: it is satisfied 'if the defendant demonstrates that the alternative forum addresses the types of claims that the plaintiff has brought and the defendant is amenable to service of process there.'" *Linkco, Inc. v. Nichimen Corp.*, 164 F. Supp. 2d 203, 209 (D. Mass. 2001) (quoting *Iragorri v. Int'l Elevator, Inc.*, 203 F.3d 8, 12 (1st Cir. 2000)).

The British Virgin Islands is an available alternative forum because it recognizes Plaintiff's claims and Ms. Zhao is amenable to service of process there. Indeed, the BVI Litigation is pending there, and the alleged misappropriation occurred in connection with that litigation. The courts there are already familiar with, and have ruled on, claims relating to these actions. Zhao Decl., Exs. A and B. Moreover, the British Virgin Islands recognizes the claims brought by Plaintiff in this action. Ex. A, Op. of Michael J. Fay QC ("Fay Opinion"), at ¶¶ 22-24. Specifically, it recognizes claims for misappropriation of confidential information and allows for recovery of damages. *Id.*; *Snöfrost AB v. Håkansson*, 353 F. Supp. 3d 99, 107 (D. Mass. 2018) (forum was adequate where nothing in the record suggested that it could not provide an adequate remedy or would treat the parties unfairly). Ms. Zhao is subject to jurisdiction in the British Virgin Islands because she is currently litigating the BVI Litigation. Regardless, Ms. Zhao is willing to accept service of process in the British Virgin Islands through her attorneys there who are authorized to accept service on her behalf. *Id.* at 104 (amenable to service prong was satisfied where defendant was willing to consent to jurisdiction). Under these

circumstances, the British Virgin Islands courts would have jurisdiction to hear a claim by Plaintiff against Ms. Zhao. Ex. A, Fay Opinion, at ¶¶ 19-21.

When an adequate alternative forum exists, courts next consider public and private interest factors and dismiss the case where the balance of these factors favors the alternative forum. *Iragorri*, 203 F.3d at 12. "Private factors include: relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; the cost of obtaining attendance of willing witnesses; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Snöfrost AB*, 353 F. Supp. 3d at 107 (citation and quotation marks omitted) (dismissing case where plaintiff resided in Massachusetts, but action related to events outside the United States).

Here, the private factors weigh decidedly in favor of dismissal. As to the first factor, no jurisdiction has better or easier access to proof than the British Virgin Islands. All of the events giving rise to Plaintiff's claims stem from the BVI Litigation. Compl. ¶¶ 7-9. Documents reflecting the claimed trade secrets were ordered to be produced in the BVI Litigation. Zhao Decl., Exs. A and B. Plaintiff cross-examined Ms. Zhao regarding the alleged misappropriation during the BVI Litigation. Compl. ¶¶ 18-19; Zhao Decl., Ex. D. The third factor, comparative trial costs, weighs heavily in favor of dismissal because the British Virgin Islands has the most familiarity with the dispute and the best access to proof. Lastly, as shown in the BVI Court's Order, the BVI Litigation in which the alleged misappropriation arose is incredibly complex, involves events dating back at least 20 years, and involves seven different claimants and defendants. Zhao Decl., Ex. C. Understanding the alleged misappropriation requires understanding the underlying litigation to which it was related. This will create practical problems for the Court whereas litigation in the British Virgin Islands would be easy,

expeditious and inexpensive. *Imamura*, 371 F. Supp. 3d at 15 (burden on the court favors dismissal where there is no significant local interest in the lawsuit).

Like the private interest factors, the public factors weigh in favor of dismissal. They include: 1) administrative difficulties of docket congestion; 2) the local interest in adjudicating the lawsuit; 3) avoidance of unnecessary choice of law or foreign law questions; and 4) the unfairness of jury duty for citizens in an unrelated forum. *Id*. at 11. The United States has no interest in adjudicating a lawsuit regarding alleged misappropriation of information in connection with a dispute about the ownership of a British Virgin Islands company. *Snöfrost AB*, 353 F. Supp. 3d at 109 (United States has a limited interest in deciding a matter by a Swedish plaintiff concerning the ownership of a Swedish company based on a contract negotiated primarily in Sweden); *Warlop v. Lernout*, 473 F. Supp. 2d 260, 264 (D. Mass. 2007) (United States has little interest in dispute by non-residents regarding conduct in Belgium). Because the British Virgin Islands is an adequate forum for this dispute, which is integrally connected to the BVI Litigation, and the public and private interest factors point to litigation in the British Virgin Islands, the Court should dismiss this action with prejudice.

## CONCLUSION

For the foregoing reasons, Ms. Zhao respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice for lack of subject matter jurisdiction, for failure to state a claim upon which relief can be granted, and under the doctrine of forum non conveniens.

Dated: June 1, 2021

Respectfully submitted,

LONG ZHAO

By her attorneys,

*/s/ Christina N. Lindberg*
Tracy A. Miner, BBO No. 547137
tminer@msdefenders.com
Christina Lindberg, BBO No. 690443
clindberg@msdefenders.com
Miner Siddall LLP
101 Federal Street, Suite 650
Boston, MA 02110
Tel.: (617) 202-5890

## CERTIFICATE OF SERVICE

I, Christina N. Lindberg, hereby certify that the foregoing document was served by ECF on counsel for the Plaintiff on June 1, 2021.

*/s/ Christina N. Lindberg*
Christina N. Lindberg