IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUNAN PHARMACEUTICAL GROUP CO. LTD., <br><br> Plaintiff / Counter-Defendant, <br><br> v. <br><br> LONG ZHAO, <br><br> Defendant / Counterclaimant. | Case No: 21-10667-MJJ <br><br> ORAL ARGUMENT REQUESTED |

**<u>LETTER BRIEF IN SUPPORT OF LUNAN PHARMACEUTICAL GROUP CO. LTD.'S MOTION FOR SANCTIONS</u>**

For nearly two years, Long Zhao ("Zhao"), an admitted lawyer in Massachusetts, thwarted fact discovery in this case under the cloak of the Fifth Amendment. Only now—*after* the fact discovery deadline, after her deposition was originally scheduled, and after taking weeks of remote depositions of Lunan Pharmaceutical Group Co. Ltd. ("Lunan") officers and employees in Hong Kong—has Zhao suddenly decided to waive the Fifth Amendment, without any explanation, even when asked point-blank by Lunan's counsel. This is textbook, sanctionable discovery abuse.

Zhao's misconduct has prejudiced Lunan by derailing its discovery strategy and undercutting its preparation of numerous Lunan witnesses for deposition by ensuring that neither they nor Lunan's counsel could understand the extent of Lunan trade secrets and other confidential information stolen by Zhao, when she stole it, and with whose assistance. Even now that Zhao has belatedly produced more than 3,000 documents and responded to discovery requests that have been pending since December 2021, she has improperly designated them Attorneys' Eyes Only ("AEO") to ensure that Lunan still cannot view them—including *its own information*—and still cannot prepare witnesses to testify to the means and importance of what Zhao stole.

The prejudice from two years of discovery undermined by a false Fifth Amendment assertion cannot be cured through a deposition or discovery extension. Zhao has intentionally and without justification forced Lunan to waste years of litigation without the most critical documents and information in this case. The Court should sanction Zhao's brazen discovery abuse under both the Federal Rules and its inherent power to sanction "abusive litigation practices." *Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 12 (1st Cir. 1985).

*First*, the Court should enter default against Zhao on Lunan's claims and dismiss her counterclaim. Fed. R. Civ. P. 37(b)(2)(A)(v)–(vi), 16(f)(1) (permitting Rule 37(b)(2)(A) sanctions for violation of scheduling order); *see Red Wolf Energy Trading, LLC v. Bia Cap. Mgmt., LLC*,

626 F. Supp. 3d 478, 502 (D. Mass. 2022) (issuing default judgment sanctions where defendants withheld "meaningful evidence that [they] misappropriated . . . trade secrets"); *United States v. 2008 33' Contender Model Tournament Vessel*, 990 F.3d 725, 728 (1st Cir. 2021) (affirming default judgment sanctions for failure to answer interrogatories); *Reyes-Santiago v. JetBlue Airways Corp.*, 932 F. Supp. 2d 291, 303 (D.P.R. 2013) (imposing default judgment sanctions where defendant asserted dishonest discovery objections and withheld key document).[1] Zhao deprived Lunan of fair discovery for years and should not be allowed to sweep that under the rug.

***Second***, if this Court were to decline to issue terminating sanctions, it should at least:

- Prohibit Zhao from denying that she misappropriated trade secrets and other confidential information and committed computer fraud (*see* Rule 37(b)(2)(A)(i));

- Instruct the jury (a) that Zhao withheld key discovery from Lunan for years because it would incriminate her and (b) to draw an adverse inference based on the same; and

- Award Lunan its reasonable attorneys' fees and costs for fact discovery undertaken to date (*see* Rules 16(f)(2), 37(b)(2)(C)).

***Third***, irrespective of sanctions, the Court should permit Lunan's counsel to share Zhao's new productions and discovery responses with its client, who needs this information to help the case's prosecution and to understand which of its employees are secretly feeding confidential information to outsiders. Even if Zhao could point to a real threat to the "safety" of her co-conspirators—and she cannot—that would still not warrant AEO protection under the protective order. *See* Doc. No. 59-1 at ¶ 2.9 (addressing potential harm only to the "Producing Party"). This "safety" assertion is simply more of the same game: an attempt to avoid consequences by evading the rules that shape litigation and require reasonable compliance with discovery obligations.

Under Local Rule 7.1(d), Lunan respectfully requests oral argument on its motion.

---

[1] *See also Crispin-Taveras v. Mun. of Carolina*, 647 F.3d 1, 7 (1st Cir. 2011) (default judgment "provides a useful remedy when a litigant is confronted by an obstructionist adversary and plays a constructive role in maintaining the orderly and efficient administration of justice").

Dated:  November 10, 2023	PLAINTIFF AND COUNTER-DEFENDANT
	Lunan Pharmaceutical Group Co. Ltd.

	By: /s/ *Adam S. Gershenson*
	Michael N. Sheetz (BBO #548776)
	msheetz@cooley.com
	Adam Gershenson (BBO #671295)
	agershenson@cooley.com
	Dane Voris (BBO #704263)
	dvoris@cooley.com
	COOLEY LLP
	500 Boylston Street,14th Floor
	Boston, MA  02116-3736
	Telephone: 617-937-2300
	Facsimile: 617-937-2400

	Khary J. Anderson (*pro hac vice*) (D.C. No. 1671197)
	kjanderson@cooley.com
	COOLEY LLP
	1299 Pennsylvania Avenue, NW, Suite 700
	Washington, DC 20004-2400
	Telephone: 202-842-7800
	Facsimile: 202-842-7899

	Cameron M. Hancock (*pro hac vice*) (Utah No. 5389)
	chancock@kmclaw.com
	Qiwei Chen (*pro hac vice*) (Utah No. 18333)
	qchen@kmclaw.com
	Pa. ID No. 322789
	KIRTON MCCONKIE
	36 S. State Street, #1900
	Salt Lake City, UT 84111
	Telephone: 801-328-3600

3

## CERTIFICATE OF SERVICE

    IT IS HEREBY CERTIFIED that on this 10th of November, 2023, the foregoing document was filed through the ECF system and will be sent electronically to the registered participants on the Notice of Electronic Filing and paper copies will be sent to any non-registered participants.

                                         /s/ *Adam S. Gershenson*
                                          Adam S. Gershenson