# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUNAN PHARMACEUTICAL GROUP CO. LTD., <br><br> Plaintiff / Counter-Defendant, <br><br> v. <br><br> LONG ZHAO, <br><br> Defendant / Counterclaimant. | Case No: 21-10667-MJJ |

# JOINT AMENDED PRETRIAL MEMORANDUM

In accordance with Paragraph 6 of the Court's Order Setting Civil Jury Trial (Doc. Nos. 214, 216), Plaintiff / Counter-Defendant Lunan Pharmaceutical Group Co. Ltd. ("Lunan") and Defendant / Counterclaimant Long Zhao ("Zhao") submit this Joint Pretrial Memorandum.

I. **TRIAL COUNSEL**

    A. **Lunan's Counsel**

        1. Adam Gershenson, Weil, Gotshal & Manges LLP, 100 Federal Street, 34th Floor, Boston, MA 02110-1802, 617-772-8310

        2. Dane Voris, Cooley LLP, 500 Boylston Street, 14th Floor, Boston, MA 02116-3736, 617-937-2300

        3. Cameron Hancock, Kirton McConkie, 36 S. State Street, Ste. 1900, Salt Lake City, Utah 84111, 801-328-3600

        4. Qiwei Chen, Kirton McConkie, 36 S. State Street, Ste. 1900, Salt Lake City, Utah 84111, 801-328-3600

    B. **Zhao's Counsel**

        1. Tracy Miner, MS Defenders LLP, 101 Federal Street, Suite 650, Boston, MA 02110, 617-202-5890

        2. Peter Parker, Law Office of E. Peter Parker, The Wheelhouse at Bradford Mill, 33 Bradford St., Concord MA 01742, 617-742-9099.

II. **SUMMARIES OF THE EVIDENCE**

    A. **Lunan's Summary**

The Court has already found Zhao liable for misappropriation of Lunan's trade secrets under Massachusetts law. Doc. No. 196 at 2–3. To save the Court's and the parties' resources, Lunan is prepared to voluntarily dismiss all its other claims,[1] provided the parties can instead proceed to a streamlined trial where the jury will need to decide only (1) the amount of damages resulting from Zhao's misappropriation of trade secrets, and (2) whether Zhao's misappropriation

---

[1] Doc. No. 25 (Counts I, III, IV, and V, alleging violations of the Defend Trade Secrets Act, the Computer Fraud and Abuse Act, tortious interference with contract, and unjust enrichment).

of trade secrets was willful and malicious. If Zhao's misappropriation was willful and malicious, Lunan may be entitled to exemplary damages (up to 2x the jury's damages award) and attorneys' fees and costs under Massachusetts law. Mass. Gen. Laws ch. 93 § 42(b)–(c).

Lunan expects the evidence at this streamlined trial will demonstrate that Zhao's four-year campaign was willful and malicious. Zhao acted out of both enmity and a desire for personal gain, engaged in manipulation and inducements of insiders, and executed cover ups at every turn. Even as this case proceeded, she took active steps to conceal her wrongdoing by refusing to identify her accomplices, blessing those accomplices' destruction of evidence, and stonewalling discovery for nearly two years by asserting the Fifth Amendment in this civil case. Zhao then dropped the assertion immediately after fact discovery closed. She then testified that—even though she is a licensed Massachusetts attorney—she had invoked the Fifth Amendment but had no good faith fear of criminal prosecution.

Lunan's streamlined plan to advance at trial only the already-adjudged state law trade secret claim also comports with the Court's ruling that proceedings "in the BVI trial have no bearing on this issue." Doc. No. 196 at 3. This will spare jurors from having to consider irrelevant but complex, nuanced legal rulings by a foreign Court operating in a different legal system. The approach also follows the Court's Order "to revisit [Zhao's counterclaim for enforcement of multiple BVI Cost Orders] after trial." *Id.* at 4.

The evidence at trial will further demonstrate that Lunan suffered hundreds of thousands of dollars in damages because of Zhao's misappropriation. And because Zhao's misappropriation was willful and malicious, Lunan will seek exemplary damages to the maximum extent permitted by law as well as Lunan's reasonable attorneys' fees and costs.

**B.     Zhao's Summary**

Long Zhao will offer the following at trial:

2

Long Zhao's father, Zhiquan Zhao, was the founder and Chairman of Lunan Pharmaceuticals until he passed away in November of 2014. Prior to his death, Mr. Zhao used BVI companies to hold shares of Lunan and its subsidiaries on his behalf. Long Zhao is Zhiquan Zhao's only child.

Upon Long's father's death, Long became the owner of BVI company which had the beneficial ownership of the shares of Lunan and its subsidiaries. Guimin Zhang, became Chairman of Lunan, in accordance with Mr. Zhao's expressed intent. In 2017, three of Lunan's directors sought to remove Mr. Zhang as Chairman and Mr. Zhang in turn had them physically removed from Lunan's premises. During the management fight, Mr. Zhang initially acknowledged that Long Zhao owned the Lunan shares held by Endushantum but when Ms. Zhao wouldn't give him her proxy, he asserted that those shares belonged to Lunan. He then denied Long access to Lunan documents relating to the shares so that she could not prove otherwise.

Fighting for what was rightfully hers, Long Zhao filed a lawsuit in the BVI against Lunan seeking a declaration that the Endushantum shares were owned beneficially by her. Lunan filed a counterclaim seeking a declaration that it beneficially owned the Endushantum shares.

When Lunan first withheld important information about her father's compensation and dividends that would help prove he purchased the shares with his personal funds, Long turned to employees of Lunan who were loyal to her father and who offered to share information with her. These individuals worked in Lunan's IT Department and had access to its (and subsidiaries) financial records and databases. These individuals used their access to obtain documents and to send her screenshots of them. Ms. Zhao submitted affirmations in the BVI Court describing how she had obtained information from Lunan insiders and what information she obtained. That court agreed that Lunan should have produced the documents. Ultimately, Lunan did produce some of

3

the documents which Ms. Zhao had obtained screenshots of from the insiders.

Ms. Zhao simply was looking for documents directly relevant to her claim that she owned Endushantum shares. She was not interested in sensitive trade secrets that a competitor or any outsider could use to harm Lunan. As the largest shareholder of Lunan, she never sought to injure Lunan, as any injury to Lunan would financially harm Ms. Zhao as well.

The documents Ms. Zhao obtained from Lunan insiders did not relate to its products, its proprietary formulas for its drugs, its marketing strategy, its plans for expansion or any other confidential information that a competitor (or any outsider) could use to its economic advantage in the marketplace. The documents consisted of isolated pieces of old accounting and financial records which contained evidence that the shares were paid for by her late father. In addition, Lunan insiders occasionally provided Ms. Zhao with random information that she never used anywhere.

Lunan did not lose any profits from the provision of the documents to Long Zhao and Long Zhao did not profit from the information. Her only use of the documents was in the litigation. Lunan only learned that she had obtained its and its subsidiaries' information when Ms. Zhao disclosed it in the course of that litigation.

Ms. Zhao did not destroy any information that she obtained from Lunan insiders or her communications with them. Indeed, she produced them to Lunan in this case.

After a trial, the BVI court concluded that Ms. Zhao holds legal title to the Endushantum shares and ordered that the disputed Lunan shares, which Lunan had transferred to corporations Guimin Zhang controlled in Hong Kong, be transferred back to Endushantum.

**III.  STATEMENT OF FACTS TO BE SUBMITTED TO JURY**

- Lunan Pharmaceutical Group Co. Ltd. ("Lunan") is a global pharmaceutical enterprise engaged in the research, development, manufacturing, and sale of traditional Chinese medicine, chemical pharmaceuticals, and biological products. Lunan is headquartered in Linyi City, Shandong Province, China, and employs approximately 13,000 people.

- Long Zhao ("Zhao") is a United States citizen and resident of Canton, Massachusetts. Zhao is the daughter and only child of Lunan's former Chairman and General Manager, Zhiquan Zhao, who passed in November 2014. Zhao is a licensed lawyer who maintains a legal practice in Boston, Massachusetts.

- The Court has already determined that Zhao violated Massachusetts law by misappropriating Lunan's trade secrets from 2017 to 2021. Specifically, the Court found that Zhao worked with insiders employed by Lunan to acquire its confidential information, including confidential documents reflecting Lunan's financial health and business strategies.

- Lunan will be presenting evidence on certain security enhancements implemented following Zhao's misappropriation. To the extent the jury awards the costs associated with these enhancements to Lunan as damages for Zhao's misappropriation, the following conversion chart may be used to convert Chinese currency to U.S. Dollars[2]:

| Amount (Chinese Yuan) | Date | Conversion Rate | Amount (U.S. Dollars) |
|---|---|---|---|
| ￥678,000 | May 11, 2021 | 1 USD = 6.4285 RMB[3] | $ 105,467.84 |
| ￥1,450,000 | May 11, 2021 | 1 USD = 6.4285 RMB[4] | $ 225,505.00 |
| ￥249,000 | May 18, 2021 | 1 USD = 6.4250 RMB[5] | $38,754.86 |

---

[2] *See Shanghai Liyu Optoelectronics Co., Ltd. v. Brite Lite Tribe, LLC*, 2025 WL 2105776, at *3 n.2 (S.D. Fla. July 25, 2025) ("The Court takes judicial notice of the historic conversion rate listed by the Federal Reserve for December 13, 2023: 7.1725 Chinese yuan per U.S. dollar.").

[3] The U.S. Federal Reserve, *H.10: Foreign Exchange Rates* (May 17, 2021), https://www.federalreserve.gov/releases/h10/20210517/

[4] *Id.*

[5] The U.S. Federal Reserve, *H.10: Foreign Exchange Rates* (May 24, 2021), https://www.federalreserve.gov/releases/h10/20210524/

| ¥ 375,000 | May 28, 2021 | 1 USD = 6.3674 RMB[6] | $58,893.74 |
|---|---|---|---|
| | | Total: | $428,621.44 |

### IV. CONTESTED ISSUES OF FACT

- The damages caused to Lunan from Zhao's misappropriation of trade secrets; and

- Whether Zhao's misappropriation of Lunan's trade secrets was willful and malicious.

### V. JURISDICTIONAL QUESTIONS

The parties identify no jurisdictional issues for the Court's resolution.

### VI. QUESTIONS RAISED BY PENDING MOTIONS

The parties are filing motions *in limine* concurrently with their Pretrial Briefs.

### VII. ISSUES OF LAW & EVIDENTIARY QUESTIONS

The parties understand that the Court intends to decide Zhao's counterclaim for foreign-judgment recognition after trial. Doc. No. 196 at 4. In the interests of efficiency, the parties request the Court hear Zhao's counterclaim at the Court's convenience after the return of the jury's verdict.

### VIII. REQUESTED AMENDMENTS TO THE PLEADINGS

The parties do not anticipate further amendments to the pleadings.

### IX. ADDITIONAL MATTERS TO AID IN THE DISPOSITION OF THE ACTION

Trial of this matter will include a number of exhibits and witness testimony in Mandarin. To facilitate the introduction of such evidence, the parties propose the following:

- A party seeking to admit an original Mandarin document will include an English translation (of the whole document or its relevant parts), which will be considered part of the admitted exhibit. Prior to introduction of a translation, the party seeking admission will provide the English translation to the other side, who will have an opportunity to review and object as necessary to the accuracy of the translation.

---

[6] The U.S. Federal Reserve, *H.10: Foreign Exchange Rates* (June 1, 2021), https://www.federalreserve.gov/releases/h10/20210601/

- Lunan will engage a Mandarin Certified Court Interpreter to interpret witness testimony in native Mandarin. More information about Lunan's interpreter is available at https://www.certifiedchinesetranslation.com/team-Chinese-translators-Samuel.html. Zhao may engage her own check interpreter if she so chooses, and reserves her rights to challenge the accuracy of Lunan's interpretations of Mandarin testimony.

- For any witnesses testifying in Mandarin, the Court's reporter need only transcribe the interpreted English testimony.

Regarding the first bullet, Zhao does not believe certified translations are necessary unless the translation proffered by a party is disputed. Lunan disagrees: Certified translations are necessary to ensure a translation that is as accurate as possible. Zhao's objection only shifts the burden of demonstrating accuracy to Lunan, which is improper.

X. **PROBABLE LENGTH OF TRIAL**

Assuming a half-day schedule, under Lunan's streamlined proposal, (and recognizing the slower pace necessitated by language issues) Lunan anticipates a three-day trial. Zhao believes trial will take three to five days.

XI. **LUNAN'S WITNESS LIST**

| Witness | Fact / Expert | Live / Deposition | Residence | Qualifications |
|---|---|---|---|---|
| **Lunan Will Call** | | | | |
| Changcheng Liu | Fact | Live | Linyi City, Shandong Province, China | N/A |
| Yuan Liu | Fact | Live | Linyi City, Shandong Province, China | N/A |
| Long Zhao | Fact | Live | Canton, MA | N/A |
| Rui Wang | Fact | Live | Canton, MA | N/A |

7

## XII.  ZHAO'S WITNESS LIST

| Witness | Fact / Expert | Live / Deposition | Residence | Qualifications |
|---|---|---|---|---|
| Long Zhao | Fact | Live | Canton MA | N/A |
| Hong Qiao | Expert | Live | New York, NY | *See* Doc. No. 196 at 1 |

With Zhao's liability for trade secret misappropriation established, Lunan contends that the testimony of Hong Qiao is irrelevant, unnecessary, and confusing to the jury. *See* Lunan's accompanying Trial Brief, Motion *in Limine* No. III.B.

## XIII.  DEPOSITION/INTERROGATORY DESIGNATIONS

Zhao's deposition designations, as well as Lunan's objections and counter-designations, are attached as Exhibit 1 hereto.  The parties further note that deposition transcripts are available in English only. If any party uses deposition testimony to cross-examine a witness testifying at trial in Mandarin, the pertinent portions of the English deposition transcript will be interpreted into Mandarin by the Mandarin Certified Court Interpreter.

## XIV.  EXHIBIT LISTS

The parties' "List of Uncontested Exhibits" is attached as Exhibit 2 hereto.  The parties' "List of Contested Exhibits" is attached in Exhibit 3 hereto.

Dated: December 10, 2025

| | |
|---|---|
| LONG ZHAO<br>By her attorneys,<br>/s/ Tracy A. Miner<br>Tracy A. Miner (BBO No. 547137)<br>MS Defenders LLP<br>101 Federal Street<br>Boston, MA 02110<br>Tel. (617) 202-5890<br>tminer@msdefenders.com<br><br>E. Peter Parker BBO No. 552720<br>Law Office of E Peter Parker<br>The Wheelhouse at Bradford Mill 33 Bradford St<br>Concord, MA 01742<br>(617) 742-9099<br>peter@parkerslaw.com | Lunan Pharmaceutical Group Co. Ltd.<br><br>By Its Attorneys,<br><br>*/s/ Dane Voris*<br>Adam Gershenson (BBO #671295)<br>adam.gershenson@weil.com<br><br>WEIL, GOTSHAL & MANGES LLP<br>100 Federal Street, 34th Floor<br>Boston, MA 02110-1802<br>Telephone: 617-772-8310<br><br>Michael N. Sheetz (BBO #548776)<br>msheetz@cooley.com<br>Dane Voris (BBO #704263)<br>dvoris@cooley.com<br>Meredith Kelly (BBO #712741)<br>meredith.kelly@cooley.com<br><br>COOLEY LLP<br>500 Boylston Street, 14th Floor<br>Boston, MA 02116-3736<br>Telephone: 617-937-2300<br>Facsimile: 617-937-2400<br><br>Cameron M. Hancock (*pro hac vice*)<br>chancock@kmclaw.com<br>Qiwei Chen (*pro hac vice*)<br>qchen@kmclaw.com<br><br>KIRTON MCCONKIE<br>36 S. State Street, Ste. 1900<br>Salt Lake City, Utah 84111<br>Telephone: 801-328-3600<br>Facsimile: 801-321-4893 |